(No. 89-CV-0607-

*In re* APPLICATION OF LAURA DEMBY

*Order filed May 18, 1990.*
*Opinion filed August 25, 1993.*

LAURA DEMBY, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAMES MAHER, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

This claim for compensation by the Claimant, Laura Demby, pursuant to the Crime Victims Compensation

Act (hereinafter the "Act"), arises out of an incident that occurred on September 8, 1988, resulting in the death of the victim, James Demby. The Claimant seeks compensation for loss of support for the deceased victim's four minor children, Sherita (born: 8/29/71), Darno (born: 3/24/73), Devin (born: 8/2/87) and Joscar (born: 8/5/88).

On May 18, 1990, this Court entered an order denying this claim. This Court in paragraph 5 of its order, found that pursuant to a judgment for dissolution of marriage, the victim was subject to a requirement to pay $35 per week as child support for Sherita and Darno. Paragraph 6 of the order included a finding that after the dissolution of the marriage the victim and the Claimant produced two children, Devin and Joscar. This Court concluded that the Claimant had not submitted documentation to substantiate that the victim had met his child support obligation in regards to Sherita and Darno, for the six months preceding his death, or had supported Devin and Joscar preceding his death.

On June 4, 1990, the Claimant requested a review of the order of denial. This matter was set for a hearing on February 5, 1991, September 20, 1991, and June 10, 1992. The Claimant was present at all three hearings and submitted documentation in an effort to substantiate her claim.

The Claimant testified that, contrary to the Court's finding, which was based upon the Attorney General's investigatory report, the deceased victim was subject to an order requiring him to pay $85 a week as child support for Sherita and Darno, not $35 as previously determined.

The Claimant further testified that since the dissolution, the Claimant and victim bought a house. The Claimant apparently had her own income. The victim was self-

employed as owner and automobile mechanic at Express Auto Repair Shop in Chicago, Illinois. The Claimant and the children were living with the victim for the six months preceding his death.

The Claimant and victim shared a joint checking account. In addition to the joint account, the Claimant testified on February 5, 1991, that the Claimant and victim each kept their own checking account. The Claimant stated the victim dealt in cash also. For that reason, there would not be copies of checks showing that he wrote checks for clothing, medical or educational expenses for the children. No tax return was filed on behalf of the victim for 1988. The Claimant did produce a copy of the victim's 1987 individual tax return, which indicates one dependent—Devin. The youngest child was born in 1988. The hearing of February 5, 1991, was continued to allow the Claimant an opportunity to provide evidence that the victim was supporting the four children.

At the September 20, 1991, hearing, the Claimant produced a certified copy of the judgment for dissolution which clearly demonstrated that the victim was obligated to pay $85 per week for child support for Sherita and Darno.

The Claimant presented two letters to support the position that victim was making the required child support payments. The letter from Leonard Parker, a friend of the deceased victim, indicates that on "many Friday nights" he would be present when the victim would give the Claimant $200 and $500 upon several different occasions.

A second letter from Barbar Harvey, the sister of the deceased victim, indicates that she lived with the victim and the Claimant from June, 1987 through May, 1988. Harvey also states in the letter that she saw the victim give the Claimant "$100 a week and sometimes more."

The victim's 1987 U.S. individual income tax return showed an adjusted gross income of $8,566.53 for 1987.

The Claimant testified that the victim would deposit cash into their joint account. She provided a series of original deposit slips in the name of James Demby for a checking account at Heritage Pullman Bank. All deposit slips were for dates in 1987, with one exception that being a slip dated February 6, 1988. No slips were produced bearing a date within the six months preceding the date of the victim's death, September 8, 1988.

On June 10, 1992, an additional hearing was conducted in an effort to provide the Claimant an opportunity to demonstrate that the deceased victim was supporting the minor children. The Claimant provided a packet of documents that purport to be photocopies of invoices prepared by the deceased victim for work performed in relation to his business. All of the invoices were dated within the six-month period of time preceding the date of the incident. The invoices totaled approximately $12,325, indicating gross revenues for the business, and including charges for labor, parts and supplies. The invoices provided for a subtotal for labor of approximately $3,172.42.

It is our finding that James Demby was living with Laura Demby and four children at 12748 S. Bishop, Chicago, Illinois, and working at Express Auto Repair at 2158 W. Van Buren.

Additionally, we find that the deceased victim was obligated to pay $85 per week for two children, Sherita and Darno. The two children Devin and Joscar, born after the divorce are eligible for compensation for loss of support if it can be shown that they were a dependent of the deceased victim. (740 ILCS 45/2(h) (1992).) Loss of earnings are to be determined on the basis of the victim's

average net monthly earnings for the six months immediately preceding the date of injury or on $1,000 per month whichever is less.

The Claimant has had difficulty in proving that the $85 payments were being made, and the victim was supporting the two younger children because the victim operated on a cash basis. No copies of checks were presented that showed that the victim made the required $85 payments, or that any money was being expended for food, clothing, education, medical or shelter expenses for any of the four children. The only evidence in addition to the testimony of the Claimant that the above payments were being made were the two letters. Although the two letters tend to show that the victim paid money to the Claimant, they are insufficient to prove that the victim was meeting his child support obligations of $85 per week during the six-month period preceding the incident or to otherwise prove that the victim was supporting the two younger children.

Although the invoices do tend to indicate the victim's business received money within six months of the incident, approximately $3,172.42 of such revenue was for labor, it does not prove the net income of the victim nor does it prove that the victim was providing support, and the extent of the support, to any of the children. Because the amount of support provided by the victim is uncertain, this Court has no way of establishing an award which would be based on the amount of support.

The finding of this Court that the Claimant has failed to substantiate her claim is affirmed and this Court's order of May 18, 1990, is affirmed.

Claim denied.